Brian P. Scibetta, Esq. – BS8008
BUCKLEY MADOLE, P.C.
28 West 44th Street, Suite 720
New York, NY 10036
Telephone/Fax: 347-286-7409
Attorneys for Defendant,
U.S. Bank National Association, as Trustee
for Terwin Mortgage Trust 2004-21HE,
Asset-Backed Certificates Series 2004-21HE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZALMAN CHANIN and NECHAMA CHANIN,<br><br>          Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR TERWIN MORTGAGE TRUST 2004-21HE, ASSET-BACKED CERTIFICATES SERIES 2004-21HE,<br><br>          Defendant. | *Document filed electronically*<br><br>Civil Action No.  1:15-cv-05160-JG-VMS<br><br>**ANSWER AND COUNTERCLAIM** |

Defendant, U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2004-21HE, Asset-Backed Certificates Series 2004-21HE (hereinafter "U.S. Bank"), by its Counsel, Buckley Madole, P.C., as and for its Answer to Plaintiffs, Zalman Chanin and Nechama Chanin (collectively, "Plaintiffs") Complaint (the "Complaint"), state as follows:

1.      The allegations in Paragraph 1 of the Complaint contain a statement of the purported basis for Plaintiffs' action and the relief they seek, to which no response is required, but to the extent a response is required, U.S. Bank denies the allegations in this Paragraph.

2. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3. U.S. Bank denies the allegations set forth in Paragraph 3 of the Complaint in the manner in which they are stated, but admits that U.S. Bank National Association is a national banking institution with its principal place of business in Cincinnati, Ohio.

4. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and states only that the deed referenced by Plaintiffs in this Paragraph speaks for itself.

5. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and states only that the deed referenced by Plaintiffs in this Paragraph speaks for itself.

6. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint in the manner in which they are stated, and states only that the note and mortgage referenced by Plaintiffs in this Paragraph speak for themselves.

7. U.S. Bank admits the factual allegations set forth in Paragraph 7 of the Complaint as they pertain to the assignment of mortgage, and states only that the assignment of mortgage referenced by Plaintiffs in this Paragraph speaks for itself.

8. The allegations in Paragraph 8 of the Complaint are an attempt to characterize U.S. Bank's position in this matter, to which no response is required, but to the extent a response is required, U.S. Bank admits that its interest in the subject property rightfully impairs Plaintiffs' title to the subject property.

9. U.S. Bank denies the factual allegations set forth in Paragraph 9 of the Complaint in this manner in which they are stated, and states only that the foreclosure action referenced by

Plaintiffs in this Paragraph is of public record and speaks for itself. The remainder of the allegations in this Paragraph state legal conclusions to which no response is required, but to the extent a response is required, U.S. Bank denies these allegations.

10. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint in the manner in which they are stated, and states only that the servicing records reflect that Plaintiffs have not remitted any payments since June 1, 2008.

11. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12. The allegations in Paragraph 12 of the Complaint state legal conclusions to which no response is required, but to the extent a response is required, U.S. Bank denies the allegations in this Paragraph.

13. The allegations in Paragraph 13 of the Complaint state legal conclusions to which no response is required, but to the extent a response is required, U.S. Bank denies the allegations in this Paragraph.

14. The allegations in Paragraph 14 of the Complaint state legal conclusions to which no response is required, but to the extent a response is required, U.S. Bank denies the allegations in this Paragraph.

15. The allegations in Paragraph 15 of the Complaint state legal conclusions to which no response is required, but to the extent a response is required, U.S. Bank denies the allegations in this Paragraph.

**FOR A RESPONSE TO PLAINTIFFS' RELIEF REQUESTED**

U.S. Bank denies that Plaintiffs are entitled to a judgment cancelling and discharging the mortgage held by U.S. Bank and encumbering the property located at 587 Montgomery Street,

Brooklyn, NY 11225, or any other relief as requested in the "WHEREFORE" paragraph following Paragraph 15 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because, upon information and belief, they acknowledged and re-affirmed the debt owed under the subject note and mortgage various times after March 25, 2009. Each time the debt was acknowledged and re-affirmed, the applicable statute of limitations started anew.

### SECOND AFFIRMATIVE DEFENSE

The applicable statute of limitations has tolled at various periods and for various reasons and therefore has not yet expired.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state causes of action upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by their unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by documentary evidence.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the doctrines of equitable and judicial estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the doctrines of waiver and ratification.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the doctrine of unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred because U.S. Bank holds an equitable mortgage upon the subject property resulting from the various advances it has made towards taxes, assessments, water rates, escrow, insurance premiums and/or any other charges on the property, including advances made as recently as September 2015.

## TENTH AFFIRMATIVE DEFENSE

U.S. Bank reserves its right to assert further defenses should such further defenses become known to it during the litigation of this action.

WHEREFORE, Defendant, U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2004-21HE, Asset-Backed Certificates Series 2004-21HE respectfully requests that Plaintiffs' Complaint and each and every cause of action alleged therein be dismissed against U.S. Bank, with prejudice, together with such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

1. Counterclaimant/Defendant, Defendant, U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2004-21HE, Asset-Backed Certificates Series 2004-21HE (hereinafter "U.S. Bank"), a national banking association, having an address c/o its servicer, Specialized Loan Servicing, LLC ("SLS"), 8742 Lucent Blvd, Highlands Ranch, CO 80129, is the owner and holder of the mortgage that is the subject of this action. U.S. Bank is a national banking organization organized under the laws of the United States of America.

2. Upon information and belief, Counterclaim-Defendants/Plaintiffs, Zalman Chanin and Nechama Chanin (collectively, the "Mortgagors'"), are citizens of the State of New York residing at 587 Montgomery Street, Brooklyn, New York 11225 (the "Property").

3. On or about July 6, 2004, Nechama Chanin executed and delivered to Approved Funding Corp., a New York Corporation ("AFC") a note (the "Note") whereby she bound herself in the amount of $498,000.00 (the "Subject Loan"), together with accrued interest on the unpaid principal balance and such other amounts until paid, pursuant to the terms of the Note.

4. To secure payment of the Note, the Mortgagors granted a mortgage (the "Mortgage") against the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for AFC, in the amount of $498,000.00 on July 6, 2004. The Mortgage was duly recorded in the Office of the City Register of the City of New York on January 18, 2005, City Register File No. 2005000032706.

5. The Mortgage has been assigned from MERS, as nominee for AFC, to U.S. Bank, by Assignment of Mortgage dated March 12, 2009 and recorded in the Office of the City Register of the City of New York on May 5, 2009, City Register File No. 2009000132749.

6. U.S. Bank is the present owner and holder of the Note and Mortgage. SLS is the present servicer of the Subject Loan.

7. The Mortgagors failed to comply with the terms of the Note and/or Mortgage by failing to pay the monthly payment amount due on June 1, 2008, and each subsequent payment that has come due thereafter, together with any other amounts for taxes, assessments, water rates, escrow, insurance premiums and/or any other charges that have come due and are payable under the terms of the Note and Mortgage since the date of default set forth above.

8. U.S. Bank and/or its predecessor in interest have and continue to make payments towards the Property for the purpose of payment of taxes, assessments, water rates, escrow, insurance premiums and/or any other charges (the "Carrying Costs"), in order to protect its interests in the Property. To date, U.S. Bank and its predecessor in interest have made payments totaling $20,027.95 for the Carrying Costs, and additional costs continue to accrue for which U.S. Bank intends to make further payments.

9. U.S. Bank and/or its predecessor in interest have made nearly the entirety of these payments subsequent to the March 25, 2009 commencement of the foreclosure action described in Paragraph 9 of the Complaint.

**COUNT ONE – UNJUST ENRICHMENT**

10. U.S. Bank repeats and reiterates each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

11. Upon information and belief, the Mortgagors have occupied and enjoyed the use of the Property from June 1, 2008 through present date, but have not paid any portion of the Carrying Costs required to sustain the Property.

12. U.S. Bank and/or its predecessor in interest have and continue to make payments for the Carrying Costs of the Property, totaling an amount of $20,027.95 to date.

7

13. The payment of the Carrying Costs has been to the benefit of the Mortgagors; however, the Mortgagors have not offered to make the entities responsible for making those payments whole for providing this benefit.

14. The Mortgagors have been unjustly enriched by the payment of the Carrying Costs, in an as to be determined amount but in any event no less than $20,027.95.

15. By reason of the foregoing, U.S. Bank seeks judgment against the Mortgagors, in an as to be determined amount but in any event no less than $20,027.95.

## COUNT TWO – EQUITABLE MORTGAGE

16. U.S. Bank repeats and reiterates each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

17. U.S. Bank seeks judgment declaring that the sum of the payments that have been advanced for the Carrying Costs, be secured by an equitable mortgage against the Property, separate and apart from the Mortgage.

WHEREFORE, Counterclaimant/Defendant, U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2004-21HE, Asset-Backed Certificates Series 2004-21HE, respectfully requests that it be granted the relief sought in Counts One and Two of this Counterclaim, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      September 11, 2015               By:   /s/ Brian P. Scibetta
                                                              Brian P. Scibetta, Esq.
                                                              Buckley Madole, P.C.
                                                              28 West 44th Street, Suite 720
                                                              New York, NY 10036
                                                              Phone/Fax: 347-286-7409
                                                              Attorneys for Counterclaimant/
                                                              Defendant, U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2004-21HE, Asset-Backed Certificates Series 2004-21HE